J-S25020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUAN ORTIZ | : | |
| | : | |
| Appellant | : | No. 1708 MDA 2018 |

Appeal from the PCRA Order Entered September 18, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003492-2015

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:               **FILED: MAY 21, 2019**

Juan Ortiz (Appellant) appeals from the order denying his petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

Appellant's criminal history predating the filing of the instant PCRA petition is unclear from the record. Neither the trial court nor the parties provide any details relating to Appellant's underlying convictions. Based on the record before us, we know that on some date prior to January 1, 1999, Appellant committed a sex offense of which he was convicted and later subjected to sex offender registration under the Pennsylvania Sex Offender Registration and Notification Act, (SORNA).[1]  ***See*** 42 Pa.C.S.A. § 9799.13(3)(i).

---

[1] 42 Pa.C.S.A. §§ 9799.10-9799.42.

On February 8, 2016, Appellant pled guilty to failure to comply with his registration requirements, 18 Pa.C.S.A. § 4915.1(a)(1). The same day, the trial court ordered Appellant to serve five years of intermediate punishment. Appellant did not file post-sentence motions or a direct appeal. Therefore, Appellant's judgment of sentence became final 30 days later on March 9, 2016, when the 30-day period for filing an appeal with this Court expired. **See** Pa.R.A.P. 903(a).

On June 11, 2018, Appellant filed the instant PCRA petition. Appellant asserted that his conviction and sentence under Section 4915.1(a)(1) was illegal based on our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). In **Muniz**, our Supreme Court held that retroactive application of the registration and reporting requirements of the Pennsylvania SORNA violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions. **Id.** at 1223. On August 8, 2018, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition as untimely. On September 18, 2018, the PCRA court formally dismissed Appellant's PCRA petition. This timely appeal followed.

On appeal, Appellant presents the following issue for review:

IS NOT [APPELLANT]'S CONVICTION FOR FAILURE TO COMPLY WITH REGISTRATION REQUIREMENTS UNDER 18 Pa.C.S. § 4915.1 RENDERED INVALID BY THE PENNSYLVANIA SUPREME COURT'S **MUNIZ** DECISION AND IS NOT [APPELLANT] ENTITLED TO CONTEST THAT CONVICTION UNDER THE PCRA BECAUSE THE SUPREME COURT IN **COMMONWEALTH v. POLZER** RULED THAT **MUNIZ** IS APPLICABLE RETROACTIVELY ON COLLATERAL REVIEW?

Appellant's Brief at 4.

The sole issue Appellant presents on appeal directly challenges the PCRA court's decision to dismiss his petition as untimely. "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions apply:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Until recently, a petition invoking an exception had to be filed within 60 days of the date the claim could have been presented. However, effective December 2017, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), and now provides that a PCRA petition invoking a timeliness exception must be filed within **one year** of the date the claim could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3. Although

we note the change in the law from 60 days to one year, it does not impact our disposition of this appeal. If a petition is untimely, and the petitioner has not pled and proven any exception, "'neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

In this case, there is no dispute that Appellant did not file his PCRA petition within one year of the date his judgment of sentence became final. As stated above, Appellant's judgment of sentence became final on March 9, 2016, and he filed his PCRA petition on June 11, 2018. Instead, Appellant asserts that *Muniz* is applicable to both timely and untimely PCRA petitions. Appellant argues that *Muniz* satisfies the newly recognized constitutional right exception of Section 9545(b)(1)(iii).

In *Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. 2018), this Court rejected this exact claim. We explained:

> Appellant's reliance on *Muniz* cannot satisfy the [timeliness] exception of [S]ection 9545(b)(1)(iii). In *Commonwealth v. Abdul-Salaam*, [] 812 A.2d 497 ([Pa.] 2002), our Supreme Court held that,
>
> > [s]ubsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this [C]ourt after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and

- 4 -

that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Id.* at 501.

Here, we acknowledge that this Court has declared that, "***Muniz*** created a substantive rule that retroactively applies in the collateral context." ***Commonwealth v. Rivera-Figueroa***, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in ***Rivera-Figueroa***), he must demonstrate that the Pennsylvania Supreme Court has held that ***Muniz*** applies retroactively in order to satisfy [S]ection 9545(b)(1)(iii). ***See Abdul-Salaam***, ***supra***. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on ***Muniz*** to meet that timeliness exception.

*Id.* at 405-06.

Appellant contends that our Supreme Court's decision in ***Commonwealth v. Polzer***, 457 WAL 2016 (Pa. Feb. 23, 2018) (*per curiam*), held that ***Muniz*** applies even to untimely PCRA petitions and satisfies the newly recognized constitutional right exception to the PCRA. In ***Polzer***, this Court, prior to the Supreme Court's decision in ***Muniz***, declined to find that application of SORNA to the appellant, who had committed sex offenses prior to SORNA's enactment, violated the *ex post facto* clause of the United States and Pennsylvania Constitutions. ***See Commonwealth v. Polzer***, 575 WDA 2013 at 9 (Pa. Super. June 22, 2016) (unpublished memorandum). We therefore affirmed the denial of the timely PCRA petition in which the appellant

raised the *ex post facto* claim. **See id.** Our Supreme Court, however, following its **Muniz** decision, issued a *per curiam* order vacating our decision affirming the denial of appellant's PCRA petition, and remanded the case to this Court for reconsideration of the appellant's *ex post facto* claim in light of **Muniz**. **See Commonwealth v. Polzer**, 457 WAL 2016 (Pa. 2018). On remand, this Court determined that **Muniz** did apply to the appellant's timely PCRA petition, and granted him relief. **See Commonwealth v. Polzer**, 298 WDA 2015, 2018 WL 5317647 at *4 (Pa. Super. Oct. 29, 2018) (unpublished memorandum).

**Polzer** has no application to this case. Our Supreme Court vacated our first **Polzer** decision by *per curiam* order. Nowhere in that order, either expressly or implicitly, did the Supreme Court state that **Muniz** satisfied the newly recognized constitutional right exception, or either of the other exceptions, to the PCRA's one year time limitation. **See Commonwealth v. Polzer**, 457 WAL 2016 (Pa. 2018). Moreover, given that the appeal in **Polzer** was from an order denying a **timely** PCRA petition, **Polzer**'s application to this case, which is an appeal from an order denying an **untimely** PCRA petition, is not tenable. The only precedent on the issue of **Muniz**'s applicability in the context of an untimely PCRA petition is this Court's decision in **Murphy**, which clearly rejected the notion that PCRA petitioners can invoke **Muniz** to satisfy the newly recognized constitutional right exception to the

PCRA.  ***See Murphy***, 180 A.3d at 405-06.  Unless and until the Supreme Court says otherwise, Appellant's argument is devoid of merit.

Therefore, because Appellant's PCRA petition is untimely he has not successfully pled or proven an exception to the PCRA's one year time limitation, we are without jurisdiction to address the merits of Appellant's claims.  ***See Derrickson***, 923 A.2d at 468.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2019